## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TIRNELL WILLIAMS, No. B-58000,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 13-cv-00216-JPG** |
| | ) | |
| **MARC HODGE,** | ) | |
| **NURSE HARDY,** | ) | |
| **DR. PHIL MARTIN,** | ) | |
| **TY BATES, and** | ) | |
| **OFFICER LOY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Tirnell Williams, a wheelchair-bound inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, and for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111-12213, the Rehabilitation Act, 29 U.S.C. §§ 794-94e, and the Health Insurance Portability and Accountability Act ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; portions of this action are subject to summary dismissal.

## The Complaint

Plaintiff Williams, who is wheelchair-bound, arrived at Lawrence Correctional Center in October 2012.  He contends that his cell is not ADA complaint.  Furthermore, Plaintiff alleges that Nurse Hardy and Health Care Administrator Dr. Phil Martin have denied him sufficient catheters, diapers and other supplies, as well as a trained aid, so he has had to reuse catheters, sit in soiled diapers, and even use towels as diapers.  Plaintiff further claims that Hardy and Martin have denied him physical therapy and metal leg braces, resulting in Plaintiff losing the ability to stand with supports.  According to the complaint, Plaintiff has also been forced to disclose his medical conditions in front of cellmates, and has had to insert catheters and change diapers in front of others.

The complaint also contains allegations that Internal Affairs Officer Loy did not adequately address Plaintiff's request for protective custody.  Loy did have Plaintiff moved to the opposite side of the prison from inmates Davis and Randolph, who are purportedly associates of an inmate Plaintiff testified against in a murder trial, and who have threatened Plaintiff's life. When Plaintiff subsequently requested protective custody from another prison guard, Plaintiff ended up with a disciplinary ticket.  Officer Loy was somehow involved in the grievance and/or disciplinary process and was "intentionally deceptive."  Plaintiff generally complains that "no one ever followed the due process," and "no one knows the rules."  Plaintiff wrote to IDOC Deputy Director Ty Bates, but has never received a response.

Plaintiff seeks compensatory and punitive damages, as well as a preliminary injunction. Plaintiff has also filed a separate motion for preliminary injunction (Doc. 6).

Based on the allegations of the complaint, and considering the attached exhibits, the Court finds it convenient to divide the *pro se* action into six counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

| | |
|---|---|
| **Count 1:** | **Against the Illinois Department of Corrections, alleging that Plaintiff's cell is not compliant with the ADA and the Rehabilitation Act;** |
| **Count 2:** | **Against Nurse Hardy and Health Care Administrator Dr. Phil Martin for denying him the minimal civilized measure of life's necessities, deliberate indifference to Plaintiff's serious medical needs, denying him proper medical care, all in violation of the Eighth Amendment;** |
| **Count 3:** | **For HIPAA violations of Plaintiff's medical privacy;** |
| **Count 4:** | **Against Internal Affairs Officer Loy for deliberate indifference to a an excessive risk to Plaintiff's safety, in violation of the Eighth Amendment;** |

**Count 5:**      **Alleging a denial of procedural due process in connection with Plaintiff's protective custody request and subsequent discipline; and**

**Count 6:**      **Alleging that IDOC Deputy Director Ty Bates was deliberately indifferent to violations of Plaintiff's constitutional rights.**

## Discussion

With respect to Count 1, the proper defendant to an ADA claim is the relevant state department or agency.  *See* 2 U.S.C. § 12131(1)(b); *Jaros v. Illinois Department of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012) (individual capacity claims are not available under the ADA; the proper defendant is the agency or its director (in his official capacity)).  Consequently, the Court will *sua sponte* alter the caption accordingly.  Although *United States v. Georgia*, 546 U.S. 151, 159 (2006), left open the possibility that, in addition to injunctive relief damages could be available, the Court construes the complaint as only seeking injunctive relief under the ADA.

Out of an overabundance of caution, the Court will also *sua sponte* construe Count 1 as including an identical claim pursuant to the Rehabilitation Act, 29 U.S.C. §§ 794-94e, which offers relief coextensive with the ADA.  *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (adding a Rehabilitation Act claim to a *pro se* pleading is appropriate based on the factual claims, even though the legal theory had not been pleaded) ; *see also Jaros*, 684 F.3d at 671.

Count 1 states viable ADA and Rehabilitation Act claims and shall **PROCEED** against the Illinois Department of Corrections, which shall be added as a defendant.

Count 2 states a viable Eighth Amendment claim(s) against Nurse Hardy and Dr. Phil Martin and shall **PROCEED**.

Count 3, alleging HIPAA violations of Plaintiff's medical privacy is fatally flawed and shall be **DISMISSED** with prejudice.  HIPAA does not provide for a private cause of action; rather, the Secretary of Health and Human Services may pursue action.  42 U.S.C. § 1320d-5(a)(1). *See also Acara v. Banks,* 470 F.3d 569, 570–72 (5th Cir. 2006); *Dodd v. Jones*, 623 F.3d

563, 569 (8th Cir. 2010); *Seaton v. Mayberg,* 610 F.3d 530, 533 (9th Cir. 2010), *cert. denied,* 131 S. Ct.1534 (2011); *Wilkerson v. Shinseki,* 606 F.3d 1256, 1267 n. 4 (10th Cir. 2010). Consequently, the Court lacks subject matter jurisdiction over this claim.

Count 4 asserts an Eighth Amendment claim against Internal Affairs Officer Loy for deliberate indifference to an excessive risk to Plaintiff's safety in connection with Plaintiff's request for protective custody.  As pleaded, this claim fails to state a claim against Loy.  The complaint indicates that Loy did take action, moving Plaintiff to the opposite side of the prison from the two inmates Plaintiff perceived as a threat.  Plaintiff does not allege how this was an inadequate response.  Therefore, there is nothing upon which to base a deliberate indifference claim and Count 4 shall be **DISMISSED** without prejudice, and Officer Loy shall be **DISMISSED** from this action without prejudice.

Count 5 shall be **DISMISSED** without prejudice, as Plaintiff has failed to plead a cognizable claim. Plaintiff makes reference to being denied due process in connection with Plaintiff's protective custody request and subsequent discipline.  Plaintiff does not clearly associate this claim with any particular defendant.  Furthermore, the failure of the prison officials to follow administrative rules is not a denial, in and of itself, a constitutional violation. *Fuller v. Dillon*, 236 F.3d 876, 880 (7th Cir. 2001).  Also, insofar as Plaintiff may be attempting to challenge his disciplinary conviction, a Section 1983 claim cannot stand where a judgment in favor of the plaintiff necessarily would imply the invalidity of the prisoner's conviction or sentence, except if the prisoner can demonstrate that the conviction or sentence has been invalidated. *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994); *Miller v. Indiana Dep't of Corr.,* 75 F.3d 330, 331 (7th Cir.1996).

Relative to Count 6, the only allegation pertaining to IDOC Deputy Director Ty Bates is that Plaintiff wrote to Bates on three occasions in 2013 "to explain to him everything that was

going on, the federal and state laws being broken." (Doc. 1, p. 6, ¶ 8).  This claim is far too

vague and does not satisfy the *Twombly* pleading standard.  Consequently, Count 6 will be

**DISMISSED** without prejudice.  Defendant Bates shall be **DISMISSED** from this action

without prejudice.

      Although no claims have been stated relative to Warden Marc Hodge, he shall remain in

this action as a defendant in his official capacity for purposes of Plaintiff's claim for injunctive

relief.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a

claim for injunctive relief is the government official responsible for ensuring any injunctive

relief is carried out).

      Insofar as Counts 4 and 5 have been dismissed without prejudice, Plaintiff is cautioned

that his claims regarding his safety, protective custody and other related events—claims not

related to the health care issues raised in Counts 1 and 2—cannot be reasserted in this action.  In

*George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated

claims against different defendants belong in separate lawsuits, "not only to prevent the sort of

morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the

required filing fees" under the Prison Litigation Reform Act.  *George*, 507 F.3d at 607, (citing 28

U.S.C. § 1915(b), (g)).

## Pending Motions

      Because portions of the complaint shall proceed, the Court will **GRANT** Plaintiff's

motion for service of process at government expense (Doc. 3), subject to reconsideration in the

event pauper status is denied.

      Plaintiff's motion for a preliminary injunction (Doc. 6) shall be **REFERRED** to United

States Magistrate Judge Philip M. Frazier.

**Disposition**

     **IT IS HEREBY ORDERED** that **COUNT 3** fails for lack of subject matter jurisdiction and is **DISMISSED** with prejudice.

     **IT IS FURTHER ORDERED** that **COUNTS 4**, **5** and **6** fail to state a claim upon which relief may be granted, and thus are **DISMISSED** without prejudice.  Defendants **OFFICER LOY** and **TY BATES** are **DISMISSED** from this action without prejudice.

     **IT IS FURTHER ORDERED** that Defendant **WARDEN MARK HODGE** shall remain in this action in his official capacity relative to Plaintiff's prayer for injunctive relief.

     **IT IS FURTHER ORDERED** that the only claims remaining in this action are **COUNTS 1** against the **ILLINOIS DEPARTMENT OF CORRECTIONS**, and **COUNT 2** against Defendants **NURSE HARDY** and **DR. PHIL MARTIN**.  The Clerk of Court is **DIRECTED** to have the docket reflect that the **ILLINOIS DEPARTMENT OF CORRECTIONS** is a defendant.

     **IT IS FURTHER ORDERED** that Plaintiff's motion for service of process at government expense (Doc. 3) is **GRANTED**, subject to reconsideration in the event pauper status is denied.

     The Clerk of Court shall prepare for Defendants **ILLINOIS DEPARTMENT OF CORRECTIONS**, **NURSE HARDY** and **DR. PHIL MARTIN**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.[1]  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect

---

[1] The service address for the Illinois Department of Corrections is: 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings, which shall include a determination on the pending motion for a preliminary injunction (Doc. 6).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding

that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   April 2, 2013**

s/J. Phil Gilbert
**United States District Judge**