UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIRNELL WILLIAMS,

    Plaintiff,

v.

MARC HODGE, NURSE HARDY, DR. PHIL MARTIN, OFFICER LOY, TY BATES, ILLINOIS DEPARTMENT OF CORRECTIONS and SALVADOR GODINEZ,

    Defendants.

Case No. 13-cv-216-JPG-PMF

**MEMORANDUM AND ORDER**

    This matter comes before the Court for case management purposes. Shortly after Williams filed this complaint, the Court allowed Williams proceed without prepayment of fees and assessed an initial partial filing fee of $46.24 pursuant to 28 U.S.C. § 1915(b)(1) (Doc. 11). He had not paid this fee by June 24, 2013, so Magistrate Judge Frazier ordered Williams to pay the it or to demonstrate that he had no assets and no means to pay that sum (Doc. 57). In response, Williams filed a document in which he argued that he did not have the assets to pay the fee due and to which he attached an updated prison trust fund account statement for the period from January 4 to June 25, 2013 (Doc. 66). In light of his apparent inability to pay the initial partial filing fee at that time, the Court extended the deadline for payment to October 31, 2013 (Doc. 85). At that time, the Court warned Williams that if he did not pay the entire initial partial filing fee of $46.24 by October 31, 2013, the Court would dismiss this case without prejudice. Williams has not paid any part of the assessed fee.

    As the Court noted in a prior order, it is clear that within the six months before Williams filed this suit and at the time he filed the suit, he was capable of paying $46.24 to the Court. At

that time he also should have expected to be liable for this sum in light of the substantial balances in his account in the six months prior to filing suit; he could have easily calculated the initial partial filing fee (or at least a ballpark figure) based on his account history and the formula set forth in the statute.  *See* 28 U.S.C. § 1915(b)(1).  Nevertheless, Williams depleted his account until he no longer had sufficient funds to pay the fee due.  However, current poverty does not excuse compliance with 28 U.S.C. § 1915(b)(1) where the inmate had the resources to pay at the time he filed suit.  *Robbins v. Switzer,* 104 F.3d 895, 898 (7th Cir. 1997).  If the inmate chose to spend money on other things after filing his suit, he may not proceed unless the initial partial filing fee is paid.  *Id.*  Accordingly, as it warned it would, the Court will dismiss this case without prejudice for failure to pay the initial partial filing fee as ordered by the Court.

For the foregoing reasons, the Court **DISMISSES** the remaining claims in this case **without prejudice** for failure to pay the initial partial filing fee and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   November 14, 2013**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
